Loop Office Building Corporation, Appellee, v. Robert E. Hogan and Charles H. Gorman, trading as Hogan & Gorman, Appellants.

Gen. No. 33,126.

Opinion filed June 26, 1929. Rehearing denied July '8, 1929.

M. L. CARMODY, for appellants.

LEVISOHN & LEVISOHN, for appellee.

MR. JUSTICE RYNER delivered the opinion of the court.

On December 6, 1922, the plaintiff recovered a judgment by confession against the defendants in the municipal court of Chicago for the sum of $2,100 for rent due and attorney's fees. The suit was based upon a lease for a term of five years, commencing July 1, 1922 and ending April 30, 1927, with rent payable monthly in advance at the rate of $440 per month. The judgment was for rent for one-half of the month of August and all of the months of September, October, November and December of the year 1922. The judgment was opened and a trial without a jury had, resulting in a confirmation of the judgment by confession. The defendants appealed.

Whether the judgment of the trial court should be affirmed or reversed depends upon the proper construction to be placed upon the written lease executed by the parties. The material portions of the lease are clause four, which reads as follows:

"That no representations, except such as are contained herein or endorsed hereon, have been made to the lessee respecting the condition of said premises. The taking possession of said premises by the lessee shall be conclusive evidence as against the lessee that said premises were in good and satisfactory condition when possession of the same was so taken; and the lessee will at the termination of this lease, by lapse of time or otherwise, return said premises to the lessor

in as good condition as when received, loss by fire and ordinary wear excepted.'' And the so-called addendum attached to the lease, reading as follows:

"Addendum

"To lease entered into this twenty-seventh day of June, 1922, between the Loop Office Building Corporation, Lessor, and Hogan & Gorman, Lessee, for Rooms 1000, 1002, 1004, 1006 and 1008 on the tenth floor of the building known as the Putnam Building, situate at 10 North Clark Street; lease commencing the first day of July, 1922 and expiring the thirtieth day of April, 1927.

"It is understood and agreed between the Loop Office Building Corporation, herein described as Lessor, and Hogan & Gorman, herein described as Lessee, that should the partitions which are to be installed not be completed by July 1st, 1922, plat for which has been submitted to and approved by Lessee, the first month's rent of Four Hundred Forty and no/100 ($440.00) Dollars, which has been applied for the month of July, 1922, shall be applied from the date the partitions are completed and offices hereby leased are ready for occupancy.

"In the event said space is completed and ready for occupancy, and the Lessee does not take possession thereof, the rent shall commence from the time the partitions are completed and the said space is ready for occupancy.'' Clause four was in print and the addendum in typewriting.

The defendants offered to prove statements and representations made by agents of the plaintiff which induced them (the defendants) to enter and remain upon the premises in question until in the month of December when they surrendered possession. The court properly excluded this evidence upon the ground that it constituted an attempt to vary, by parol, the terms of a written instrument under seal.

The defendants then offered to prove by the testimony of Robert E. Hogan that he and Charles H. Gorman were, at the times in question, copartners, engaged in the practice of the law and were the lessees under the lease in question; that about May 1, 1922, they moved into the building mentioned in the lease pursuant to certain promises and representations made to them by agents of the plaintiff; that their furniture was placed on the eighth floor of the building then under construction; that about June 27, 1922, Hogan stated to a representative of the plaintiff that it was impossible to remain in the premises and that the defendants would move to other quarters; that on the same date the agents of the plaintiff presented to the defendants a lease in form the same as the one of June 27, 1922, except that it did not contain the addendum, which the defendants refused to execute, giving as a reason for their refusal that they did not know when the building would be completed; that in the early part of August, 1922, the agents of the plaintiff presented to the defendants the lease in question, containing the addendum, and that they executed the instrument; that they then moved to the tenth floor, in the space specified in the lease, but that the partitions were not in, the floors were not laid or the electric wiring installed; that this condition continued until about December 1, 1922, when the defendants moved out, having paid no rent except the $440 mentioned in the addendum to the lease.

There appears to have been no objection to the form of the offer of proof. But the court sustained an objection to the offer and evidently upon the theory that the agreement to pay rent and the agreement to install partitions and make the offices ready for occupancy constituted independent covenants and that the only recourse open to the defendants was to recover damages by way of set-off or recoupment.

The rule applicable to the present case is well stated in the case of *Davis v. Wiley*, 3 Scam. 234, where the Supreme Court of the State said:

"In the classification of covenants, some of the old cases proceeded upon distinctions extremely nice and technical, but the governing rule to be deduced from modern authorities, is, that 'covenants are to be construed to be dependent or independent, according to the intention of the parties, and the good sense of the case; and that technical words should give way to such intention.' According, then, to this rule, the covenants of the parties in this case must be understood as mutual and dependent. Although the time for the payment of the money is fixed by the article of agreement, yet it is evident from the general tenor of that instrument, as well as some of its special stipulations, that the time of payment was fixed in anticipation of the prior performance of the labor."

Counsel for the plaintiff seek to support the ruling and judgment of the trial court by the case of *Rubens v. Hill*, 213 Ill. 523. The facts in that case, however, clearly disclose that the agreement to pay rent was an independent covenant. But not so in the case at bar. The addendum unequivocally provided that no rent should be due or payable until the partitions were completed and the offices ready for occupancy. In other words, the term of the lease, so far as the obligation to pay rent was concerned, did not commence until the premises were made suitable for occupancy.

The trial court erred in excluding evidence of the condition of the premises described in the lease during the period they were occupied by the defendants.

The judgment of the municipal court of Chicago is, accordingly, reversed and the cause remanded for a new trial.

*Reversed and remanded.*

WILSON, P. J., and HOLDOM, J., concur.